IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **WATCHTOWER FIREARMS, LLC,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Civil Action No. |
| | ) | |
| **DALE SIEBERT,** | ) | JURY TRIAL DEMANDED |
| | ) | |
| **Defendant.** | ) | |

**COMPLAINT FOR FEDERAL, STATE, AND COMMON LAW TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, AND CANCELLATION OF FEDERAL TRADEMARK REGISTRATION**

Plaintiff, Watchtower Firearms, LLC (hereinafter "Watchtower" or "Plaintiff"), for its Complaint against defendant, Dale Siebert (hereinafter "Siebert" or "Defendant") alleges as follows:

**JURISDICTION AND VENUE**

1. Watchtower's first, second, and third claims arise under the Trademark Act of 1946 (the "Lanham Act"), as amended by the Trademark Dilution Revision Act of 2006 (15 U.S.C. §§ 1051, et seq.). This Court has jurisdiction over such claims pursuant to 28 U.S.C. §§ 1331 (federal question), 1332 and 1338(a) and (b)

(trademark and unfair competition), and 15 U.S.C. §§ 1119 and 1121 (Lanham Act). This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

2. The Court has personal jurisdiction over Defendant because Defendant resides and transacts business in Fayette County, Illinois.

3. Venue is proper pursuant to 28 U.S.C. §§ 1391(b)(1) because as provided herein, Defendant resides in this district and conducts business in this district.

## PARTIES

4. Plaintiff, Watchtower is a Delaware corporation having its principal place of business at 5045 Farm to Market 2920, Spring, TX 77388.

5. Defendant is an individual having and maintaining his principal place of business at 2723 N 150 St, Bingham, IL 62011.

## FACTS AND ALLEGATIONS COMMON TO ALL CLAIMS

6. Watchtower manufactures, markets, and sells firearms and firearm related products throughout the United States that bear or are marketed in connection with valuable trademarks, service marks, and trade dress, both registered and unregistered, for which Watchtower has developed substantial goodwill, including without limitation APACHE for firearms.

7. Watchtower also is the owner of U.S. Trademark Registration No. 3,608,626 for APACHE for holsters in International Trademark Class 13 (hereinafter the "APACHE® holster registration").

8. The APACHE® holster registration was registered by the United States Patent and Trademark Office on April 21, 2009. The APACHE holster registration is valid and subsisting.

9. Watchtower purchased the APACHE® holster registration and accompanying rights (collectively the "APACHE holster trademark") from Gunhide Properties LLC (hereinafter "Gunhide") on or about April 17, 2024.

10. Watchtower licenses the APACHE® holster registration to Gunhide Properties LLC, which manufactures and sells holsters under the APACHE trademark.

11. The APACHE holster trademark was first used in commerce at least as early as 1992, and has been used continuously since that time. As a result of the long-term use and promotion of the APACHE holster trademark, the APACHE holster trademark has developed substantial goodwill and Watchtower has acquired valuable common law rights in the APACHE holster trademark.

12. In addition, Watchtower is the owner of U.S. Trademark application No. 98/132,772 for APACHE for firearms (hereinafter the "APACHE firearms

trademark application") and has been selling firearms continuously under the name APACHE since at least as early as October 2023.

13.     The APACHE holster trademark registration, the APACHE firearms trademark application, and the common law rights to the APACHE mark in connection with holsters and firearms (collectively the "APACHE trademark rights") are highly valued by Watchtower, and Watchtower has taken extensive measures to preserve and protect the substantial and valuable business goodwill that is represented by the APACHE trademark rights, all in order to ensure that its rights with respect to its intellectual property are not infringed upon, and to ensure that its business goodwill is protected to the full extent of the law.

14.     The APACHE trademark rights are distinctive and serve to identify and indicate the source of Watchtower's and Gunhide's products to the consuming public.

15.     The APACHE trademark rights have acquired distinctiveness and fame through Watchtower's and Gunhide's long-term use and promotion of the marks and the goods sold under the marks.

16.     As a result of this long-term use and promotion of the APACHE trademark rights, the consuming public in the United States and throughout the

world widely recognizes and associates the APACHE trademark rights with Watchtower, its licensees, and/or their respective products and services.

**Defendant's Unauthorized Use of the Watchtower Marks**

17. Notwithstanding Watchtower's rights in the "APACHE" name, Defendant has, without Watchtower's authorization or permission, adopted, used, the trademark " [APACHEE TRIGGER logo] hereinafter the "APACHEE TRIGGER trademark") for component parts tor guns, namely, internal mechanisms comprised in part of pins, springs, punches, ball bearings, and shims for lowering a gun's trigger pull weight, marketed exclusively in the firearms aftermarket to firearms owners wishing to modify the gun trigger.

18. Further, notwithstanding Watchtower's rights in the "APACHE" name, Defendant, without Watchtower's authorization or permission, on November 27, 2013, over 4 and a half years after Watchtower's APACHE holster registration, filed an application for a federal trademark registration for the APACHEE TRIGGER trademark, and, on September 30, 2014, obtained federal trademark registration No. 4,612,708 for the APACHEE TRIGGER trademark (hereinafter the "APACHEE TRIGGER registration") for "Component parts for guns, namely, internal mechanisms comprised in part of pins, springs, punches, ball bearings and shims for lowering a gun's trigger pull weight, marketed exclusively in the firearms

5

aftermarket to firearms owners wishing to modify the gun trigger, and excluding use on gun holsters".

19. Watchtower's APACHE firearms trademark application has been rejected by the United States Patent and Trademark Office in view of Defendant's APACHEE TRIGGER registration despite Watchtower's superior rights to the APACHE holster trademark in the firearm-related markets.

20. On information and belief, the APACHEE TRIGGER registration was erroneously granted by the United States Patent and Trademark Office due, at least in part, to Watchtower's preexisting APACHE holster registration.

21. Defendant's unlawful activities have resulted in significant damage to Watchtower and, unless restrained by this Court, will continue to result in unjust enrichment to Defendant and serious and irreparable harm and injury to Watchtower. Moreover, Defendant's unlawful activities have lessened and diluted the Watchtower Marks and, unless restrained by this Court, will continue to lessen and dilute the strength and distinctiveness of the APACHE trademark rights.

22. Watchtower has no adequate remedy at law.

**Defendant's Trademark Infringement and Unfair Competition**

23. Defendant has a place of business in Bingham, Illinois from which it sells its product under the APACHEE TRIGGER mark.

6

24.     Defendant's use of the APACHEE TRIGGER trademark is likely to confuse consumers into believing that Watchtower is the source of the products being offered by Defendant, or that Watchtower sponsors or is in some way related to Defendant.

25.     Defendant's unlawful activities have resulted in significant damage to Watchtower and, unless restrained by this Court, will continue to result in unjust enrichment to Defendant and serious and irreparable harm and injury to Watchtower, and are likely to cause consumers to be confused as to the source of the products being sold by Defendant, or cause consumers to believe that Defendant is affiliated with Plaintiff, or that Watchtower sponsors or endorses Defendant's services.

26.     Defendant's unlawful activities have lessened and diluted the Watchtower Marks, and unless restrained by this Court, will continue to lessen and dilute, the strength and distinctiveness of the Watchtower Marks.

27.     Defendant's actions as alleged herein have caused and will cause Watchtower irreparable harm for which money damages and other remedies are inadequate.  Unless Defendant is restrained by this Court, it will continue and/or expand the illegal activities alleged in this Complaint and otherwise continue to cause great and irreparable damage and injury to Watchtower, by, among other things:

    a.    Depriving Watchtower of its statutory rights to use and control use of its trademark rights;

    b.    Creating a likelihood of confusion, mistake and deception among consumers and the trade as to the source of the infringing products;

    c.    Causing the public falsely to associate Watchtower with Defendant and/or the products Defendant provides;

    d.    Causing incalculable and irreparable damages to Watchtower's goodwill and diluting the capacity of its trademark to differentiate Watchtower's services from others.

28.    Accordingly, in addition to other relief sought, Watchtower is entitled to preliminary temporary and permanent injunctive relief against Defendant and all persons acting in concert with it.

## COUNT 1
## FEDERAL TRADEMARK INFRINGEMENT
### (15 U.S.C. §1114; Lanham Act § 32(1))

29.    Watchtower repeats and realleges the allegations of paragraphs 1 - 28 of the Complaint as though fully set forth herein.

30.    Watchtower is the owner of the APACHEE trademark rights, including the federal registrations and applications that have been set forth above.

31. Defendant's unauthorized use and registration of the APACHEE TRIGGER trademark is likely to cause confusion, mistake, and/or deception as to the source, sponsorship or approval by Watchtower of Defendant's goods and/or services. The public is likely to believe that Defendant's goods/services originate with Watchtower, are licensed by Watchtower, or are sponsored by, connected with, endorsed by, or related to Watchtower.

32. Defendant's unauthorized use and registration of the APACHEE TRIGGER trademark constitutes a commercial use in interstate commerce.

33. Defendant's acts constitute federal trademark infringement in violation of Watchtower's rights under Section 32 of the Lanham Act, 15 U.S.C. § 1114.

34. Defendant's acts are in violation of 15 U.S.C. §1114.

35. As a direct and proximate result of Defendant's unlawful acts, Watchtower has suffered and continues to suffer substantial damages and irreparable injury, which damages and injury cannot be accurately computed at this time.

36. Defendant's unlawful acts will continue to cause irreparable injury to Watchtower unless enjoined. Accordingly, in addition to other relief sought, Watchtower is entitled to preliminary, temporary and permanent injunctive relief.

## COUNT 2
## FEDERAL UNFAIR COMPETITION
## (15 U.S.C. § 1125; Lanham Act § 43(a))

37. Watchtower repeats and realleges the allegations of paragraphs 1 - 36 of the Complaint as though fully set forth herein.

38. Watchtower is the owner of common law rights in the APACHE trademark.

39. The acts of Defendant complained of herein are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with Watchtower and/or its licensees of the APACHE trademark rights, or as to the origin, sponsorship or approval of Defendant's goods/services, or commercial activities and the services, or commercial activities of any others who have license arrangements with Defendant and mistake as to the affiliation, connection, and association of Watchtower and Defendant and those who have license arrangements with Defendant.

40. Defendant's unauthorized registration and use of the APACHEE TRIGGER trademark constitutes a commercial use in interstate commerce.

41. Watchtower is the owner of the APACHE trademark rights,, including common law rights as set forth above.

42. Defendant's actions constitute unfair competition, false designation of origin, palming off, and false description or representation in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

43. As a result of Defendant's unlawful acts, Watchtower has suffered and continues to suffer, substantial damages and irreparable injury, which damages and injury cannot be accurately computed at this time.

44. Defendant's unlawful acts will continue to cause irreparable injury to Watchtower unless enjoined.  Watchtower is entitled to injunctive relief pursuant to 15 U.S.C. § 1116(a).

## COUNT 3
## COMMON LAW TRADEMARK INFRINGEMENT

45. Watchtower repeats and realleges the allegations of paragraphs 1 – 44 of the Complaint as though fully set forth herein.

46. Watchtower is the owner of common law rights in the APACHE trademark.

47. The acts of Defendant complained of herein are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with Watchtower, or as to the origin, sponsorship or approval of Defendant's goods/services, or commercial activities and the services, or commercial activities of any others who have license arrangements with

11

Defendant and mistake as to the affiliation, connection, and association of Watchtower and Defendant and those who have license arrangements with Defendant.

48. Defendant's actions constitute trademark infringement in violation of the common law of the state of Illinois.

49. Defendant's unlawful past and proposed future actions are profiting and will profit Defendant and are causing and will cause Watchtower monetary damages and injury in amounts which cannot be accurately computed at this time.

50. Defendant's actions have caused, and will continue to cause, irreparable harm to Watchtower unless enjoined.

51. Plaintiff is entitled to injunctive relief, to an award of its actual damages, including its attorney's fees and costs.

### COUNT 4
### COMMON LAW TRADEMARK INFRINGEMENT

52. Watchtower repeats and realleges the allegations of paragraphs 1 – 51 of the Complaint as though fully set forth herein.

53. Section 37 of the Lanham Act, 15 U.S.C. § 1119, empowers this Court to " … determine the right to registration, order the cancelation of registrations, in whole or in part, restore canceled registrations, and otherwise rectify the register with respect to the registrations of any party to the action."

54. Watchtower believes that it is being damaged by Defendant's Registration No. 4,612,708 for APACHEE TRIGGER because the subject trademark of this registration is confusingly similar to Watchtower's APACHE trademark rights, including Watchtower's earlier registration No. 3,608,626.

55. Watchtower being damaged for the reason set forth hereinabove, Defendant's trademark registration No. 4,612,708 should be cancelled.

## PRAYER FOR RELIEF

WHEREFORE, Watchtower prays that this Court grant it the following relief:

a. That legal process issue as provided by law;

b. Adjudge Watchtower's trademark has been infringed by Defendant in violation of Watchtower's rights under common law, Section 32 of the Lanham Act, 15 U.S.C. § 1114, and applicable Illinois common law;

c. Adjudge that Defendant's activities have competed unfairly in violation of Watchtower's rights under common law, Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) and applicable Illinois law;

d. Adjudge that Defendant and its officers, directors, members, managers, agents, employees, attorneys, successors, assigns, affiliates, and joint venturers, and any person(s) in active concert or participation with them, be enjoined and restrained

at first during the pendency of this action and then thereafter permanently from using the APACHEE TRIGGER trademark and any of Watchtower's APACHE trademark rights in connection with its business, whether used in connection with internet based advertising, promotional, or informational activity, or whether printed in hard copy, or in any other format;

  e. That the Court order the cancellation of Defendant's U.S. Trademark Registration No. 4,612,708;

  f. that Plaintiffs have judgment entered in their favor and against Defendant under each of the Counts 1 through 4 set forth above in the Complaint;

  g. that Defendant be ordered, pursuant to 15 U.S.C. § 1118, to deliver up and destroy all labels, packages, brochures, wrappers, advertisements, promotions and all other matter in the custody or control of Defendant bearing any mark or name that is confusingly similar to or likely to dilute Watchtower's APACHE trademark rights;

  h. that Defendant be ordered to pay all statutory damages in the maximum amount permitted under the Lanham Act;

  i. that Defendant be ordered to account for and pay over to Watchtower all damages sustained by Watchtower and all profits obtained by Defendant as a result of its infringement and unfair competition;

  j. that any award of damages and/or profits awarded Watchtower be increased as appropriate pursuant to 15 U.S.C. 1117(a);

  k. that Watchtower be awarded its reasonable attorney fees, costs, expenses, and interest pursuant to 15 U.S.C. § 1117(a) and other applicable law; and

  l. that Watchtower be awarded such other relief as the Court may deem just and proper.

             FISHERBROYLES, LLP

Date: October 27, 2024      By: s/*Matthew Wawrzyn*

             Attorneys for WATCHTOWER FIREARMS, LLC.

             Matthew Wawrzyn (Illinois Bar No. 6276135)
             FISHERBROYLES, LLP
             203 North LaSalle Street
             Suite 2100
             Chicago, IL 60601
             (224) 777-1787
             Matthew.Wawrzyn@fisherbroyles.com